UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BEVERLY ANN TWEEDY,
    Plaintiff,

v.

GE CAPITAL RETAIL FINANCE.,
    Defendant.

Case No. 1:13-cv-38

Spiegel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Beverly Ann Tweedy (plaintiff) brings this action against defendant GE Capital Retail Finance (GE) alleging that GE discriminated against her on the basis of race, age, and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII) and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. This matter is before the Court on GE's motion to dismiss and compel arbitration and supporting memorandum (Docs. 7, 8), plaintiff's response in opposition (Doc. 11), and GE's reply memorandum. (Doc. 12).

**I. Background**

"In evaluating motions or petitions to compel arbitration, courts treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in a light most favorable to the non-moving party." *Raasch v. NCR Corp.*, 254 F. Supp.2d 847, 851 (S.D. Ohio 2003). Thus, the undersigned will review the pleadings and evidence submitted by the parties and construe the facts therein in a light most favorable to plaintiff.

Plaintiff filed the instant lawsuit alleging that GE, her former employer, discriminated against her on the basis of her race, age, and sexual orientation in violation of federal law. Plaintiff, an African American female, alleges that she had been employed by GE for nearly five

years prior to her termination as a Customer Service Representative, Fraud Underwriter, and Fraud Investigator. (Doc. 3, Ex. 1, Charge of Discrimination). Plaintiff further alleges that she was 52 years old when she terminated by GE on February 17, 2012. (*Id.*). Plaintiff claims that her sexual orientation was a motiving factor for her termination based on statements made by GE employee David Ward, the Senior Human Resources Manager, who represented that plaintiff was looking up accounts for a "domestic partner." (*Id.*). Plaintiff states that prior to her termination, she was questioned about her involvement in credit line increases which she had not performed and applications she had processed and suspended for three weeks until she was terminated. (*Id.*). Plaintiff alleges that the individual who performed the credit line changes was a Caucasian woman who received only a three day suspension for the incident and was allowed to retire despite the fact that she was already on a formal disciplinary warning. (*Id.*). Plaintiff further alleges that GE never submitted to her any proof of her wrongdoing to justify her termination. (*Id.*).

GE argues that plaintiff's lawsuit must be dismissed pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16 and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because her claims are subject to a mandatory arbitration agreement existing between the parties. (Doc. 8 at 2, 4-9). Alternatively, GE requests that plaintiff's lawsuit be stayed pending the conclusion of arbitration. (Doc. 8 at 9-10). In support of its motion, GE has submitted: (1) the affidavit of Mr. Ward, Human Resources Manager of General Electrical Capital Retail Finance; (2) the "Conditions of Employment" acknowledgment (Acknowledgment) signed by plaintiff on March 5, 2007; (3) the RESOLVE Employee acknowledgment signed by plaintiff on March 12, 2007; (4) a copy of GE's alternative dispute

2

resolution procedure entitled "SOLUTIONS";[1] and (5) a Learning History Report reflecting that plaintiff reviewed and acknowledged the SOLUTIONS procedure on May 7, 2009. (Doc. 8, Exs. 1, 1-A, 1-B, 1-C, 1-D). The Acknowledgment executed by plaintiff on March 5, 2007, provides the following provision:

> I acknowledge that I have received and reviewed a copy of the 'RESOLVE Program Handbook.' I agree to resolve disputes in accordance with the terms of the 'RESOLVE Guidelines' for Employees of GE Money-Americas and its subsidiaries. THUS, I AGREE AS A CONDITION OF EMPLOYMENT, TO WAIVE THE RIGHT TO PURSUE COVERED CLAIMS (AS DEFINED IN THE GLOSSARY IN THE RESOLVE GUIDELINES AND HANDBOOK) IN COURT AND TO ACCEPT AN ARBITRATOR'S AWARD AS THE FINAL, BINDING, AND EXCLUSIVE DETERMINATION OF ALL COVERED CLAIMS.

(Doc. 8, Ex. 1-A, Acknowledgment). The definition of "covered claims" in the SOLUTIONS guidebook includes "[e]mployment discrimination and harassment claims, based on, for example, age, race, sex, religion, national origin, veteran status, citizenship, handicap/disability, or other characteristic protected by law. . . ." (Doc. 8, Ex. 1-C at 5). The SOLUTIONS guidebook further provides "[c]overed employees[2] and the Company are not allowed to litigate a Covered Claim in any Court. . . . All Covered Claims must be brought on an individual basis only in Solutions." (*Id*. at 7). GE contends that plaintiff's agreement to be bound by the above arbitration agreements precludes the instant lawsuit.

In opposition, plaintiff asserts that she was not bound by any alternative dispute resolution procedure because: (1) during the process of her termination, GE refused to sign an Equal Employment Opportunity Commission (EEOC) mediation agreement presented by plaintiff (Doc. 11, Ex. A); (2) GE failed to offer plaintiff the option of alternative dispute

---

[1]During the course of plaintiff's employment, GE amended its alternative dispute resolution procedure and its name was changed from RESOLVE to SOLUTIONS. *See* Doc. 8, Ex. 1, ¶ 5, Ward Declaration.

3

resolution during the termination process or the EEOC investigation (Doc. 11, Exs. B, C); (3) the arbitration provisions are unconscionable to the extent they require an employee to bargain away fundamental constitutional rights as an employment condition; and (4) plaintiff was under duress and undue influence at the time she executed the Acknowledgment and RESOLVE acknowledgment documents due to the financial downturn of 2008. (Doc. 11 at 2-3). Plaintiff requests that, in the event the Court finds her claims are subject to arbitration, that the Court stay her lawsuit in lieu of outright dismissal.

GE has filed its reply memorandum and this matter is now ripe for resolution.[3]

## II. Standard of Law

The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA applies in the employment setting and agreements to arbitrate employment discrimination disputes have been enforced. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991). Where a cause of action is determined to be covered by arbitration, the court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant is not in default in proceeding with such arbitration." 9 U.S.C. § 3 (emphasis added).

"The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay, or a like defense to

---

[2] Plaintiff does not dispute that she is a "covered employee" as defined by the SOLUTIONS guidebook.
[3] Plaintiff has requested oral argument on the instant motion. The parties have filed extensive briefs in which they have fully briefed all pertinent issues and submitted record evidence in support of their positions. Because oral argument would not assist the resolution of GE's motion, plaintiff's request for oral argument is

4

arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). "[U]nless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute[,]" arbitration should be enforced. *AT & T Technologies, Inc. v. Comms. Workers*, 475 U.S. 643, 650 (1986) (internal quotation and citation omitted).

Further, "the Supreme Court has held that the FAA preempts state law regarding arbitration." *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10-11 (1984)). However, state contract law governs issues of formation, such as validity, revocability, and enforceability, with respect to the arbitration clause. *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987). *See also Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 377 (6th Cir. 2005).

**III. Analysis**

GE argues that plaintiff's lawsuit must be dismissed or, alternatively, stayed, as plaintiff consented to arbitration and waived her right to bring her claims in court as a condition of her employment with GE. As discussed above, plaintiff has presented five bases for rejecting GE's position and proceeding with her lawsuit. The Court will address each of plaintiff's arguments in turn.

1. <u>GE's refusal to sign the EEOC mediation agreement</u>.

Plaintiff asserts that because GE refused to engage in mediation pursuant to her EEOC discrimination charge, the arbitration provisions agreed to by the parties as a term of plaintiff's employment are unenforceable. The undersigned notes that plaintiff does not cite to any authority to support this or any other argument in her response brief. Rather, plaintiff makes the argument in a conclusory fashion, devoting only one sentence to the issue and supporting it with

denied.

the EEOC Mediation request executed by plaintiff but not signed by GE. *See* Doc. 11 at 2. For the following reasons, plaintiff's argument is not well-taken.

Plaintiff contends that GE's pre-litigation conduct, *i.e.*, declining to engage in EEOC mediation, amounts to a waiver of its right to compel arbitration. "An agreement to arbitration may be 'waived by the actions of a party which are completely inconsistent with any reliance thereon.'" *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 573 (6th Cir. 2003) (quoting *Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002)). "Because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred." *Id*. Only in the most compelling fact patterns should a court find that a party's pre-litigation conduct amounts to a waiver of its right to arbitration. *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 393 (6th Cir. 2008).

Here, the evidence submitted by the parties of GE's pre-litigation conduct reveals that GE intended to secure its right to seek arbitration throughout the EEOC investigation period. GE unequivocally stated in its October 3, 2012 position statement to the EEOC that its cooperation with the EEOC's investigation into plaintiff's discrimination charge was not a waiver of its rights to utilize its internal SOLUTIONS alternative dispute resolution procedures. *See* Doc. 11, Ex. C. GE's representation to the EEOC is entirely consistent with its current request to enforce the arbitration provisions of plaintiff's employment agreement. The undersigned therefore finds that GE's pre-litigation conduct and cooperation with the EEOC investigation is not conduct inconsistent with its reliance on the arbitration agreement. Accordingly, GE did not waive its right to enforce the parties' agreement to arbitrate plaintiff's discrimination claims.

2. <u>GE's failure to offer to engage in arbitration prior to plaintiff filing her lawsuit</u>

Plaintiff argues that GE is precluded from seeking to enforce the arbitration agreements

6

at this juncture because: (1) prior to plaintiff's termination and in the subsequent period, GE failed to offer arbitration to plaintiff to resolve their dispute; and (2) GE failed to demand or offer arbitration during the EEOC investigation. (Doc. 11 at 2). Plaintiff supports her arguments by reference to a February 21, 2012 letter from Mr. Ward to plaintiff, wherein plaintiff was informed by GE that she was terminated based on the results of GE's investigation of plaintiff for fraud. *See* Doc. 11, Ex. B. The letter contains no reference to any arbitration provision or alternative dispute resolution procedure. Plaintiff further supports her argument by citing to the above discussed position statement issued by GE to the EEOC regarding plaintiff's discrimination charge. *See* Doc. 11, Ex. C. The undersigned finds that the evidence cited by plaintiff fails to support her assertion and, more importantly, that plaintiff's assertion lacks any foundation in law.

"[T]he mere involvement of an administrative agency in the enforcement of a statute is not sufficient to preclude arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28-29 (1991). Further, an employer who participates and cooperates in an EEOC investigation but fails to demand arbitration during the investigation does not waive its right to enforce otherwise enforceable arbitration agreements. *See Marie v. Allied Home Mort. Corp.*, 402 F.3d 1, 16 (1st Cir. 2006). Thus, GE did not waive its right to arbitrate merely by cooperating with the EEOC in its investigation into plaintiff's discrimination charge.

Moreover, the evidence cited by plaintiff contradicts her own argument. Plaintiff relies on the position letter from GE to the EEOC to support her assertion that GE may not now seek arbitration as it failed to do so during the EEOC investigative period. However, the position letter clearly reflects GE's opinion that plaintiff was bound by its alternative dispute resolution procedures and that GE was not waiving its rights to enforce those procedures despite its

7

participation in the EEOC investigation. *See* Doc. 11, Ex. C. As the evidence of record establishes that GE invoked and relied on the parties' arbitration agreement prior to plaintiff filing her lawsuit, plaintiff's argument to the contrary is not well-taken.

3. Whether the arbitration agreement is unconscionable

Plaintiff further asserts that the arbitration agreement is unenforceable because "[i]t is unconscionable to consider the validity of any employment contract or condition of employment, wherein a prospective employee is requested, required, or compelled to bargain away fundamental U.S. [c]onstitutional rights prohibiting discrimination based on age, gender, race, or religion." (Doc. 11 at 2).

The Supreme Court has rejected the argument raised by plaintiff and held that "statutory claims[4] may be the subject of an arbitration agreement, enforceable pursuant to the FAA." *Gilmer*, 500 U.S. at 26. (finding that Congress did not intend to preclude arbitration of claims under the ADEA). *See also Trumbull v. Century Mktg. Corp.*, 12 F. Supp.2d 683, 686 (N.D. Ohio 1998) ("[T]he Supreme Court and the Sixth Circuit have clearly held that an individual's right to pursue a Title VII employment discrimination claim in a federal court can be waived in an employment contract." A party does not forgo its substantive statutory rights by agreeing to arbitrate a claim; "it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). There is nothing inherent in plaintiff's discrimination claims which precludes the enforcement of an otherwise valid arbitration agreement. *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 312 (6th Cir. 1991). In light of the longstanding case law wholly contradicting plaintiff's unsupported position, the undersigned finds that plaintiff's argument is without merit and that

---

[4] While plaintiff appears to frame her Title VII and ADEA claims as constitutional claims, plaintiff's discrimination claims sound in statute. *See Gilmer*, 500 U.S. at 26; *Alexander v. Gardner-Denver Co.*, 415 U.S. 36,

8

there is no basis for finding the arbitration agreement unconscionable.

4. <u>Whether plaintiff was under duress or undue influence</u>

Plaintiff's final argument is that the arbitration agreement is unenforceable because she was undue duress and undue influence at the time she executed the March 5, 2007 Acknowledgment. Plaintiff argues as follows:

> Beverly Ann Tweedy [plaintiff] was employed by GE Capital Retail Finance, in the depths of the economic down-turn of 2008. Jobs were scarce, especially for individuals over the age of 45 years. Any proffered employment contract, conditions of employment, or handbook acknowledgment would, if signed by the prospective employee, almost certainly be the result of duress and undue influence, and therefore should be held unenforceable.

(Doc. 11 at 2-3). Plaintiff's argument is not well-taken.

When determining whether arbitration agreements are unenforceable due to contract defenses such as duress or undue influence, courts are to utilize state law contract principles. *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). The elements of undue influence under Ohio law are: "1) a susceptible party; 2) another's opportunity to influence the susceptible party; 3) the actual or attempted imposition of improper influence; and 4) a result showing the effect of the improper influence." *Firestone v. Galbreath*, 895 F. Supp. 917, 931 (S.D. Ohio 1995) (citing *West v. Henry*, 184 N.E.2d 200 (Ohio 1962)). To establish duress under Ohio law, plaintiff must demonstrate that: "1) one person involuntarily accepted terms offered by another; 2) circumstances permitted no other alternative; and 3) the circumstances were the result of coercive acts of the opposite party." *Id.* (citing *Blodgett v. Blodgett*, 551 N.E.2d 1249 (1990)).

Here, plaintiff has submitted absolutely no evidence demonstrating that GE imposed improper influence over her or engaged in coercive acts to secure her signature on the Acknowledgement and, thus, fails to support her argument that the arbitration agreement is

---

48-49 (1974).

9

unenforceable. Plaintiff's argument rests entirely on her vague reference to the global economic downturn in 2008 which she asserts would "certainly" be grounds for finding that she was unduly influenced or under duress when she signed the Acknowledgment with GE and agreed to be bound by arbitration provisions in lieu of raising her claims in court. Plaintiff's argument is untenable. Notably, the argument is premised upon the state of the economy in 2008; yet, plaintiff signed the Acknowledgment in 2007. Further, as stated by the Sixth Circuit, when a party voluntarily agrees to a condition to obtain employment, they are not being forced into anything. *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 504-05 (6th Cir. 2004). As plaintiff has failed to submit any evidence demonstrating that she was under duress or unduly influenced by GE or any other entity or individual at the time she executed the Acknowledgment, there is no basis in fact or law from which the Court can discern that the arbitration agreement between the parties is unenforceable.

As the undersigned finds that the parties are subject to a valid and enforceable arbitration agreement, the Court recommends that GE's request to compel plaintiff to engage in arbitration be **GRANTED**. *See* FAA, 9 U.S.C. § 4 (granting authority to federal courts to compel party to participate in arbitration where a valid arbitration agreement exists).

### IV. Whether to stay or dismiss the litigation

GE seeks outright dismissal of plaintiff's lawsuit, asserting that because the Court lacks subject matter jurisdiction, dismissal is appropriate. (Doc. 8 at 9-10). Alternatively, GE requests that the matter be stayed pending resolution of the arbitration. (*Id.* at 10). Plaintiff requests that the Court stay the matter in lieu of dismissal. (Doc. 11 at 2). For the following reasons, the undersigned finds that dismissal of plaintiff's lawsuit is appropriate.

Parties subject to arbitration agreements may not be allowed "to ignore the contract and

resort to the courts" as "[s]uch a course could lead to prolonged litigation, one of the very risks the parties, by contracting for arbitration, sought to eliminate." *Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984). The procedure generally followed by District Courts in this Circuit is to dismiss the litigation without prejudice. *See Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000) (affirming dismissal of complaint "without prejudice to reinstatement should further proceedings be needed after arbitration."); *Saneii v. Robards*, 187 F. Supp.2d 710, 713 (W.D. Ky. 2001) (dismissing action without prejudice where there existed a binding arbitration agreement); *RMF Nooter, Inc. v. Gleeson Contstructors, LLC*, No. 1:06-cv-298, 2006 WL 6290126, at *5 (W.D. Mich. Nov. 13, 2006 (same); *Tanglewood Hospitality Venture, Inc. v. Ogle*, No. 3:05-cv-184, 2005 WL 2060769, at *2 (E.D. Tenn. Aug. 25, 2005) (same). The undersigned therefore finds that dismissal of this matter without prejudice to allow for reinstatement in the event further proceedings are necessary following arbitration is the appropriate outcome. Accordingly, GE's motion to dismiss should be granted.

V. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff be compelled to arbitrate her claims against GE pursuant to the terms of the parties' arbitration agreements; and

2. The instant lawsuit be **DISMISSED without prejudice** to allow plaintiff to pursue resolution of her claims against GE pursuant to their agreement to arbitrate discrimination claims.

1/6/2014
Date

Karen L. Litkovitz
United States Magistrate Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BEVERLY ANN TWEEDY,
    Plaintiff,

v.

GE CAPITAL RETAIL FINANCE.,
    Defendant.

Case No. 1:13-cv-38

Spiegel, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).